BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**JENNIFER J. MARTIN, OSB #842851**
Jennifer.Martin@usdoj.gov
**THOMAS S. RATCLIFFE, ILSB #6243708**
Thomas.Ratcliffe@usdoj.gov
Assistant United States Attorneys
**GLEN H. UJIFUSA, Jr., OSB#065355**
GUjifusa@usa.doj.gov
Special Assistant United States Attorney
1000 SW Third Avenue, Suite 600
 Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:19-CR-00458-2-MO |
| v. | **GOVERNMENT'S MOTION AND MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** |
| **DIANA PETROVIC,** | |
| **Defendant.** | |

The government and Minor Victim 5 seek Petrovic's detention pending trial as a danger to the community, to Minor Victim 5, and as a flight risk in this presumptive detention case. Petrovic is charged with a crime of violence, as defined in 18 U.S.C. § 3156 (a)(4)(c). The government seeks Petrovic's detention pending trial under 18 U.S.C. § 3142.

**Government's Memorandum in Support of Pretrial Detention**  Page 1

This is the second child sex trafficking case against Petrovic. She is also a defendant in *United States v. Petrovic*, Case No. 3:19-cr-186, together with two co-defendants. In that case, Petrovic is charged with three counts of Sex Trafficking of a Child in violation of Title 18, United States Code, Sections 1591(a)(2) and (b)(2); and three counts of Transportation for Unlawful Sexual Activity, in violation of Title 18, United States Code, Section 2421.

**Relevant Procedural Background on Both Cases.**

After initially detaining Petrovic as a flight risk and a danger to the community, the Court in the earlier case authorized her release for evaluation for treatment, and on August 5, 2019, authorized her release to an inpatient treatment program in *United States v. Petrovic*, Case No. 3:19-cr-186, ECF 8, 40, 41, 56, and 57. At that time, no treatment center would accept Petrovic.

On October 3, 2019, the government learned that the Maricopa County Attorney's Office planned to call Petrovic as a trial witness in the case of *The State of Arizona v. Andres Gordon Watkins*, Maricopa County Superior County Case No. 2017-115908-002. The case is set for trial October 28, 2019. The government contacted Pretrial Services, and learned that Petrovic was still in custody and was likely to remain in custody as no program had accepted her.

On Tuesday, October 8, 2019, the Maricopa County Attorney's Office advised our office that they would seek a writ for Petrovic's appearance in *The State of Arizona v. Andres Gordon Watkins,* Maricopa County Superior County Case No. 2017-115908-002. Watkins is charged with seven felony counts: conspiracy to commit sex trafficking; illegal control of an enterprise; sex trafficking; money laundering; pandering; receiving earning of a prostitute and transporting persons for the purpose of prostitution or other immoral purpose. Our office conveyed that information and the contact information to counsel for Petrovic. Counsel for Petrovic did not advise our office that she was still engaged in seeking release for Petrovic.

On October 9, 2019, a federal grand jury returned an indictment charging defendant Petrovic and codefendant Jackson with one count of Sex Trafficking of a Child by Force, Fraud and Coercion, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1); one count of Sex Trafficking of a Child in violation of Title 18, United States Code, Sections 1591(a)(2) and (b)(2); and one count of Transportation for Unlawful Sexual Activity, in violation of Title 18, United States Code, Section 2421. A conviction under Count 1 includes a 15 year mandatory minimum sentence. A conviction under Count 2 includes a 10 year mandatory minimum sentence.

On October 10, 2019, after learning of the indictment, the Pretrial Services Officer and defense counsel advised the government that defense counsel proposed Petrovic's release to an inpatient facility on October 11, 2019. This was the first notice the government had that any treatment program had accepted Petrovic.

The government made efforts to work with Petrovic's counsel and the Pretrial Services Officer yesterday to come up with a proposal that would enable Petrovic's release for in-patient treatment while also addressing the government's concern for the victim's safety and danger that Petrovic poses as a flight risk.

The Maricopa County Attorney agreed not to serve the Writ Ad Testificandum obtained in *The State of Arizona v. Andres Gordon Watkins*, Maricopa County Superior County Case No. 2017-115908-002 while the government attempted to work with defense counsel to achieve a mutually agreeable release plan that would minimize flight risk and the danger Petrovic poses to the victim and the community.

This morning, Petrovic's counsel advised the government she would not agree to the proposed release plan. In light of the defendant's refusal to agree to a release plan that would

**Government's Memorandum in Support of Pretrial Detention**

minimize both the flight risk and the danger that Petrovic poses to the victim and the community, the government opposes release.

## Minor Victim 5 Opposes Release

In additional to sex trafficking Minor Victim 5, Petrovic personally physically and sexually abused Minor Victim 5. After Minor Victim 5 escaped from Petrovic and co-defendant Jackson, Petrovic continued to contact her to try to entice her into commercial sex trafficking again. Petrovic and Jackson provided cocaine and MDMA to Minor Victim 5. Minor Victim 5 and her parent are very concerned that Petrovic will try to contact her if she is released.

This Court is required to consider the victim's rights and to ensure that the crime victim is afforded the right to be reasonably protected from the accused. 18 U.S.C. § 3771(a)(1); (b)(1).

## Release Factors

Petrovic is charged with three new crimes of violence, as defined in 18 U.S.C. § 3156 (a)(4)(c), and the Court is required to hold a detention hearing under 18 U.S.C. §3142(f)(1)(A). This Court may continue the hearing for a period of up to five days, during which time the defendant should be detained. 18 U.S.C. § 3142(f)(2). The Court considers the following statutory factors to determine if there are any release conditions that would reasonably assure the appearance of the defendant and the safety of the community under 18 U.S.C. § 3142(g).

### (1) The nature and circumstances of the offense charged.

Petrovic is charged in this case with one count of Sex Trafficking of a Child by Force, Fraud and Coercion, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1); one count of Sex Trafficking of a Child in violation of Title 18, United States Code, Sections 1591(a)(2) and (b)(2); and one count of Transportation for Unlawful Sexual Activity, in violation of Title 18, United States Code, Section 2421.

Minor Victim 5 was under 15 years of age at the time Petrovic and codefendant Jackson trafficked Minor Victim 5 and subjected her to physical and sexual abuse.

**(2) The weight of the evidence against the person.**

There is substantial evidence of Petrovic's personal involvement in trafficking Minor Victim 5. Officers have corroborated details of the events and locations she described.

**(3) The history and characteristics of the person.**

Petrovic does not have an extensive criminal history. However, her involvement in commercial sex trafficking should be a concern for the Court. The Maricopa County Attorney's Office seeks to have her testify in a sex trafficking case because of her involvement in sex trafficking as a victim more than two years ago. Her continued involvement in sex trafficking should be a concern for the Court as a danger to the community, and a danger to Minor Victim 5.

**(3) The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.**

Petrovic presents an unreasonable risk of danger to Minor Victim 5, her immediate family members and other witnesses. Petrovic also poses a danger to the community.

Concern about the safety of the community is not limited to concerns about violence, but rather, as Congress noted, even the risk that a defendant will once again continue their criminal activities while on release warrants continued detention as a danger to the community:

> [T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The committee intends that the concerns about safety be given a broader construction than merely danger of harm involving physical violence. This principal was recently endorsed in *United States v. Provenzano and Andretta*, in which it was held that the concept of 'danger' . . . extended to nonphysical harms such as corrupting a union. The committee also emphasizes that the risk that a defendant will continue to engage in drug

trafficking constitutes a danger to the 'safety of any other person or the community.'

S.Rep. No. 98 225, 98th Cong., 1st Sess. (1983), reprinted in 1984 U.S.C.C.A.N 3182, 3195 (Bail Reform Act)(emphasis added); see also *United States v. Hare*, 873 F.2d 796, 798 99 (5th Cir.1989)(Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society.").

In this case, Minor Victim 5 described Petrovic's involvement in providing drugs to minor victims of sex trafficking, as well as subjecting the minor victims to sexual abuse and to commercial sex trafficking. Petrovic does not have a demonstrated history of legitimate income, and the Court should be concerned about the damage that she will revert to drug trafficking or commercial sex trafficking if released.

Petrovic poses both a risk of flight and a danger to the community if released, and she should be detained pending trial.

Dated: October 11, 2019

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Jennifer J. Martin*
JENNIFER J. MARTIN, OSB #842851
THOMAS S. RATCLIFFE, ILSB #6243708
Assistant United States Attorneys