```
                    IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,    )
                             )
         Plaintiff,          )   Case No. 3:19-cr-00458-MO
                             )
    v.                       )
                             )
JOHNL JACKSON (1) and DIANA  )   February 5, 2020
PETROVIC (2),                )
                             )
         Defendants.         )   Portland, Oregon
_____)
```

### Status Conference

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT JUDGE

```
                                                                    2

 1

 2                            APPEARANCES

 3

 4   FOR THE PLAINTIFF:     Ms. Jennifer J. Martin
                            Mr. Thomas S. Ratcliffe
 5                          United States Attorney's Office
                            1000 S.W. Third Avenue, Suite 600
 6                          Portland, OR 97204

 7

 8

 9   FOR DEFENDANT JOHNL
     JACKSON:               Ms. Celia A. Howes
10                          Hoevet Olson Howes, PC
                            1000 S.W. Broadway, Suite 1740
11                          Portland, OR 97205

12

13   FOR DEFENDANT DIANA
     PETROVIC:              Ms. Edie M. Rogoway
14                          Rogoway Law
                            521 S.W. Clay Street
15                          Portland, OR 97201

16

17

18   COURT REPORTER:        Bonita J. Shumway, CSR, RMR, CRR
                            United States District Courthouse
19                          1000 S.W. Third Ave., Room 301
                            Portland, OR  97204
20                          (503) 326-8188

21

22

23

24

25
```

```
                    (P R O C E E D I N G S)

                 (February 5, 2020; 11:23 a.m.)

                            * * * * *

            MS. MARTIN:  Good morning, Your Honor.  Jennifer

Martin appearing on behalf of the United States in the matter

of United States versus Johnl Jackson and Diana Petrovic.  This

is Case No. 19-cr-458.  I am here with Assistant United States

Attorney Tom Ratcliffe.  And appearing for the defendant,

Mr. Jackson, who is in custody, is Ms. Celia Howes.  Ms. Edie

Rogoway is here on behalf of her client, Diana Petrovic, who

has submitted a waiver of appearance.  This is the time and

date set for a status conference in this case.

            The trial date in this matter is set for

February 11th, 2020.  Counsel for Ms. Petrovic has filed a

motion to continue that trial date.  The government concurs in

that request, and we are here to consider the fact that

Mr. Jackson has not yet joined in this request.

            THE COURT:  Thank you.

            Good morning to both of you.

            MS. HOWES:  Good morning.

            THE COURT:  Can you tell me on the record more

completely the reasons for your requested continuance?

            MS. ROGOWAY:  Your Honor, discovery is still ongoing

in this case.  Last Friday we just received Volume 4 of the

discovery.  It's my understanding that the government intends
```

```
 1  to continue producing discovery.
 2              Additionally, there is --
 3              THE COURT:  Tell me more about that.  How much
 4  discovery in terms of volume have you recently received?
 5              MS. ROGOWAY:  We received one volume of discovery.
 6              THE COURT:  Well, I meant in terms --
 7              MS. MARTIN:  Your Honor, I can --
 8              THE COURT:  Go ahead.
 9              MS. MARTIN:  -- assist the Court.  It was over a
10  thousand pages of discovery in the last production.  There was
11  a considerable amount.
12              THE COURT:  What was it?
13              MS. MARTIN:  Your Honor, I'm going to turn to my
14  co-counsel, who was --
15              THE COURT:  Mr. Ratcliffe.
16              MS. MARTIN:  -- more directly involved in that.
17              MR. RATCLIFFE:  Your Honor, primarily they were
18  reports of interviews and records from -- that we received from
19  the Maricopa County District Attorney's Office in Arizona, but
20  I would say that in this most recent round, it was not
21  primarily or even significantly digital data.
22              THE COURT:  So I appreciate that it's coming from the
23  state system in another state, but --
24              MS. MARTIN:  And I --
25              THE COURT:  -- why is that just being produced on the
```

eve of trial?

MS. MARTIN: Your Honor, we received it relatively recently from Maricopa County, where Ms. Petrovic's client (sic) had been a victim in a different case. We followed our processing and produced it. We anticipate that there may be some additional discovery as well.

THE COURT: In what amount and when?

MR. RATCLIFFE: Judge, I think the additional discovery that we anticipate is additional reports that will be done pretrial. These are things that have not yet been generated. There is a possibility, Your Honor, that there will be some discovery in the form of images of phones or digital devices that may be produced, but in terms of additional reports to review and additional items, we believe that we've produced virtually everything that we have, including *Jencks* material, Your Honor.

THE COURT: Thank you very much.

You have recent discovery in a substantial amount that you just received. Any other reasons for your request?

MS. ROGOWAY: That's the primary reason. I just wanted to add, Your Honor, that in this recent batch of discovery, there are a number of -- and I don't have offhand the exact number, a number of audio recordings that are quite lengthy that require a significant amount of time to listen to and, you know, ultimately have transcribed.

|   |   |
|---|---|
| 1 | THE COURT: All right. Thank you very much. |
| 2 | And so you're asking for how much of a continuance? |
| 3 | MS. ROGOWAY: I asked for 90 days. |
| 4 | The other thing I wanted to add, Your Honor, is that |
| 5 | my client, I believe, is the only -- is the only one who has |
| 6 | been charged in two separate cases that are going to be tried |
| 7 | in two separate trials, and so I do have some concern about |
| 8 | setting the trials back to back or without enough time for -- |
| 9 | THE COURT: When and where is the other trial? |
| 10 | MS. ROGOWAY: The other trial is, I believe, |
| 11 | scheduled for early May in this courtroom. |
| 12 | THE COURT: So can you tell -- are you the lawyers on |
| 13 | that other case? |
| 14 | MS. MARTIN: Yes, Your Honor. That would be the |
| 15 | United States v. Scott case. |
| 16 | THE COURT: Is it unrelated? |
| 17 | MS. MARTIN: Your Honor, it is somewhat related. The |
| 18 | Court may recall that in the case of United States v. Scott, |
| 19 | where Ms. Howes and Ms. Rogoway were present, Ms. Howes' client |
| 20 | at that time filed a motion to sever from that case. |
| 21 | Ultimately the government decided to dismiss Mr. Jackson from |
| 22 | that indictment, and later the grand jury returned an |
| 23 | indictment, charging him with a different set of charges, and |
| 24 | the superseding indictment charged him and Ms. Rogoway's client |
| 25 | with an expanded set of charges involving a second victim in |

1  this case.  So Mr. Jackson and Ms. Petrovic both started out as
2  defendants in the Scott indictment, which covers a different
3  time period than the indictment in this case.
4          THE COURT:  All right.  And it is set for trial when?
5          MS. MARTIN:  Your Honor, it is set for trial, I
6  believe, in early May, although I was speaking with
7  Ms. Stephens recently, and she advised us that we would need to
8  reset that date because of a conflict the Court had.
9          THE COURT:  All right.  Thank you.
10         And how long would this trial take?
11         MS. MARTIN:  Your Honor, we believe that this trial
12 would be three to four days.
13         THE COURT:  Thank you very much.
14         So part of your concern is the discovery, and part of
15 your concern is not going back to back?
16         MS. ROGOWAY:   (Nods head.)
17         THE COURT:  Although you could, you are an
18 experienced trial lawyer, you could do it?
19         MS. ROGOWAY:  I could, Your Honor.
20         THE COURT:  What is your client's position,
21 Ms. Howes?
22         MS. HOWES:  Thank you.
23         Your Honor, if the Court starts Mr. Jackson's speedy
24 trial clock on the date of his arraignment in this Case No.
25 458, the clock starts on January 14th, 2020.  While this

1  indictment was originally filed on October 9th of 2019,
2  Mr. Jackson was taken into custody on the Clark County matter
3  because this indictment put him in violation of his security
4  release in that state court case.  Because he was in primary
5  state custody beginning October 10th, three efforts the
6  government made to bring him in for arraignment on a writ
7  ad prosequendum, I think is the right term, failed, and he
8  didn't actually appear for arraignment on this case number
9  until January 14th of this year.
10          So if that's the starting date for the speedy trial
11 clock, then the February 11th trial date is not actually beyond
12 the 30-day trial setting that is required without his waiver to
13 try this matter.  So, as an initial matter, February 11th
14 doesn't work for that reason, and it also doesn't work because
15 I would not be able to give Mr. Jackson effective assistance of
16 counsel and proceeding to trial on February 11th.
17          THE COURT:  Just to pause you there for a moment.
18          MS. ROGOWAY:  Yes.
19          THE COURT:  Absent that period of time under the
20 statute being deemed unreasonable, in the sense typically that
21 the government just let him cool his heels in the state system
22 for an unduly long time, it would start in January, right?  The
23 clock would start in January?
24          MS. HOWES:  That's right.
25          THE COURT:  It doesn't appear there are facts to make

1  that passage of time unreasonable, right?
2            MS. HOWES:   Well, I do have a footnote there for the
3  Court.
4            THE COURT:   Go ahead.
5            MS. HOWES:   Which is that issue is under
6  consideration by me.  I just received the only volume of
7  discovery pertaining to these charges in this Case No. 458 on
8  January 31st.  That was last Friday.  The other discovery that
9  had been produced in this case was just a duplication of the
10 discovery that had been produced under Case No. 186.  That's
11 the Scott case.
12           As has already been put into the record, that volume
13 on the 31st contains 1500 pdfs, audio files, video files.  I
14 have reviewed most of it.  It's not overly burdensome to
15 review, but I need to be more thoughtful and more analytical
16 about my review of that discovery before I take a position as
17 to really whether Mr. Jackson concedes January 14th is the
18 correct starting point for the clock.
19           THE COURT:   All right.  So we'll deal with that as it
20 comes, but for now you'd like to strike the February 11th trial
21 date?
22           MS. HOWES:   I would.
23           THE COURT:   That you can't represent your client
24 adequately, and it may, in fact, violate the 30-day minimum?
25           MS. HOWES:   That's correct.  And I want to make it

1 known that's not any fault of his own, and I think that's where
2 Mr. Jackson takes issue with a 90-day postponement. So I'll
3 address that when the Court is ready.
4     THE COURT: Right. Well, there's nothing I've heard
5 that makes any of this your client's fault, and I'm going to
6 assume for today's purposes, for two reasons -- one, that you
7 can't adequately represent your client at trial on the 11th,
8 given recent discovery, among other things; and two, because it
9 may well violate the 30-day minimum -- that I, for both
10 clients, should strike the February trial date. I'm going to
11 do that.
12     And now your co-defendant wants a trial, at the
13 earliest, mid to late April, and then if it's not that, you'd
14 want to jump over the May trial into late May or early June?
15     MS. ROGOWAY: Yes. Preferably, Your Honor, I would
16 say mid June.
17     THE COURT: Do you have a reason why this case
18 shouldn't go first in mid April?
19     MS. ROGOWAY: No. I think it makes probably just
20 pragmatically more sense for the other trial to go first,
21 because I'm guessing that there are going to be duplicative
22 witnesses in that trial who would also testify in this trial,
23 but I would defer to the Court on it.
24     THE COURT: Thank you.
25     Yes, ma'am?

|   |   |
|---|---|
| 1 | MS. MARTIN: The government would prefer to try this |
| 2 | case first, and it would, we think, be more convenient for the |
| 3 | witnesses and the victims in this case. |
| 4 | THE COURT: Well, also it takes into account, to the |
| 5 | degree if we try it then -- I haven't decided yet -- but |
| 6 | certainly Ms. Howes' client objects and would prefer the |
| 7 | shortest delay possible. |
| 8 | MS. MARTIN: Thank you, Your Honor. |
| 9 | THE COURT: Thank you. |
| 10 | So you're asking for how much delay? |
| 11 | MS. HOWES: Well, I do think a trial setting on |
| 12 | April 14th or April 21st is within the Court's authority, |
| 13 | assuming the clock starts on January 14th. The 70 days, |
| 14 | without any exclusions, runs on March 24th, and then under 18 |
| 15 | U.S.C. 3161(h)(1)(H), the Court can exclude up to 30 days for a |
| 16 | co-defendant's pending motion, assuming that delay is |
| 17 | reasonable. So if you add that 30 days to his 70-day clock, |
| 18 | that puts the clock expiring on April 23rd, by my calculation. |
| 19 | And Mr. Jackson would agree to a trial setting within that time |
| 20 | frame, so long as he's reserving his right to raise a speedy |
| 21 | trial clock issue with respect to his -- the indictment being |
| 22 | filed in October and his not being arraigned until |
| 23 | January 14th. |
| 24 | THE COURT: Thank you. |
| 25 | I cannot try this case the week of the 14th. I have |

```
 1  the week of the 21st completely free, with no double settings
 2  or anything.  So we could try it the week of the 21st.  Is that
 3  available to the United States?
 4              MS. MARTIN:  Yes, Your Honor.
 5              THE COURT:  I know that puts you not quite back to
 6  back but close.  Are you okay with that?
 7              MS. ROGOWAY:  Yes, Your Honor.
 8              THE COURT:  Ms. Howes?
 9              MS. HOWES:  That works.  Thank you.
10              THE COURT:  We'll set this for trial starting
11  Tuesday -- is it the 21st, Ms. Stephens?
12              THE CLERK:  It is, Your Honor.
13              THE COURT:  Tuesday the 21st.  At the end of the
14  prior week, we can hold a pretrial conference, if that would be
15  helpful for this case.
16              Can you suggest a date for that on, say, Friday or
17  Thursday, since we have an in-custody defendant?
18              MS. MARTIN:  Could we do it Wednesday rather than
19  Thursday?  I have a conflict on Thursday.
20              THE COURT:  The entire day?
21              MS. MARTIN:  I will be out of the city the entire
22  day.
23              THE COURT:  I really can't.  Thursday is as early as
24  I can go.
25              MS. MARTIN:  Okay.
```

1  THE COURT: It will be in your co-counsel's capable
2  hands.
3  MS. MARTIN: Yes, Your Honor.
4  THE CLERK: We could have the pretrial conference at
5  2:00 on Thursday, the 16th.
6  THE COURT: And so the week prior to that, which
7  would be Thursday the 9th?
8  THE CLERK: Correct.
9  THE COURT: It's a fairly straightforward case. I
10  think I'll just have you simultaneously and in one day file
11  your trial documents, witness and exhibit lists, your
12  instructions and verdict form. And then if you have opposition
13  to that, file those two days before the pretrial conference
14  itself, and we'll resolve them at the pretrial conference.
15  I do find -- so I'm going to operate on the
16  assumption of the latter start date for the clock, and I do
17  find excludable delay here for the 30-day window for a
18  co-defendant's motion that we've already discussed, and I also
19  find excludable delay in that because of the recent substantial
20  discovery production, really just days ago, that the interests
21  of justice outweigh the interests of the public and the
22  defendant in any earlier date, so that their attorneys can
23  absorb the discovery they've just received and be ready to try
24  the case. And I find excludable delay, at a minimum, through
25  the end of the trial that we've set for April 21st.

1           Anything further from the United States?

2           MS. MARTIN: Nothing from the government. Thank you,
3 Your Honor.

4           THE COURT: From either defense counsel?

5           MS. ROGOWAY: No, Your Honor. Thank you.

6           MS. HOWES: No, thank you.

7           THE COURT: Other than challenges to each other's
8 exhibits or things like that, will there be true pretrial
9 motions to dismiss, to suppress evidence, *Franks*, et cetera?

10          MS. HOWES: I have identified a potential motion to
11 suppress statements made post *Miranda* and request for counsel.
12 And there is a potential motion to dismiss for a speedy trial
13 violation that is under consideration.

14          THE COURT: I'd like to resolve those in plenty of
15 time so that they're resolved before trial. Can you file
16 those, say, by the 6th of March?

17          MS. HOWES: I can.

18          THE COURT: And for you, if there are any, same.

19          And then we'll have responses -- will the 13th work
20 if we're talking about two motions, perhaps speedy trial, and
21 you thought maybe a suppression motion?

22          MS. HOWES: Correct.

23          MS. MARTIN: If I could just have a moment.

24          I believe both co-counsel and I may be -- a week when
25 we are out. No.

1    Your Honor, could we have until the 13th?
2            THE COURT:  The 13th is fine, yes.
3            And then we'll tentatively set a hearing date.
4            Ms. Stephens, can you suggest one a few days at least
5    after the 13th, before the mid, early part of April?
6            THE CLERK:  Your Honor, it would have to be the week
7    of the 16th, and you have time -- unfortunately, it's only on
8    Monday.  You're going to have to double set yourself.
9            THE COURT:  Well, I'll consider that, but what about
10   the first or even second full week of -- the first full week of
11   April, the 6th through the 10th?  Do we have any time then?
12           THE CLERK:  You have time available -- you possibly
13   have time available Wednesday, April 1st.
14           THE COURT:  What time?
15           MS. MARTIN:  Your Honor, both Mr. Ratcliffe and I
16   will be out of town that day.
17           THE COURT:  Any other date that week?
18           THE CLERK:  March 31st, Tuesday, from 9:00 to 11:00.
19           MS. MARTIN:  Your Honor, we are in Pendleton from
20   March 31st to April 2nd.
21           THE COURT:  All right.  Then we'll go back to the
22   March date.  What date and time?
23           THE CLERK:  How about Monday, March 30th, from 10:00
24   to 12:00?
25           MS. MARTIN:  That would be fine.

1    THE COURT:  Does that work for defense counsel?
2    MS. HOWES:  It does.
3    MS. ROGOWAY:  (Nods head.)
4    THE COURT:  So that will be our pretrial motions
5 hearing date.
6         Thank you all.  We'll be in recess.
7    MS. ROGOWAY:  Thank you, Your Honor.
8    MS. HOWES:  Thank you, Judge.
9    THE CLERK:  This court is in recess.
10        (Proceedings concluded at 11:42 a.m.)

--o0o--

I certify, by signing below, that the foregoing is a correct transcript of the record of proceedings in the above-entitled cause.  A transcript without an original signature or conformed signature is not certified.


/s/Bonita J. Shumway                    August 12, 2021
_____             _____
BONITA J. SHUMWAY, CSR, RMR, CRR        DATE
Official Court Reporter